STATE OF NORTH CAROLINA v. JERRY DAVID STRANGE

No. 8326SC35

(Filed 18 October 1983)

**Criminal Law § 138— voluntary manslaughter—aggravating factor—use of stolen pistol**

In imposing a sentence for voluntary manslaughter by shooting the victim with a pistol, the trial court erred in finding as an aggravating factor that the offense was committed with a stolen pistol since the court had to use evidence that defendant shot deceased in order to find that the offense was effected by the pistol, and the court thus used the same evidence to find a part of the aggravating factor as was used to prove an element of the offense in violation of G.S. 15A-1340.4(a)(1).

Judge HILL dissenting.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 26 April 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 27 September 1983.

The defendant was convicted of voluntary manslaughter. The evidence showed he had stolen a pistol on the morning of the homicide, which pistol he used to kill the deceased. There was also evidence that the defendant had previously been found guilty of temporary larceny of an automobile. The court found as aggravating factors that (1) "the defendant has a prior conviction or

convictions for criminal offenses punishable by more than 60 days confinement" and (2) "the offense committed herein was effected by means of a stolen .38 caliber pistol, which the defendant had acquired by breaking into a motor vehicle on or about November 19, 1981."

The court found the aggravating factors outweighed the mitigating factors and imposed a sentence in excess of the presumptive sentence. The defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Archie W. Anders, for the State.*

*Peter H. Gerns, for defendant appellant.*

WEBB, Judge.

The defendant assigns error to the finding of factors in aggravation of the offense. We believe this assignment of error has merit. G.S. 15A-1340.4(a)(1) provides: "Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation . . . ." The court found as one aggravating factor that the offense was committed with a stolen pistol. In this case, to prove that the defendant killed the deceased, an element of manslaughter, it was necessary to use the evidence that the defendant shot the deceased. While the fact that the pistol was stolen is not an element of manslaughter, a part of the aggravating factor found by the court is that the offense was effected by means of this pistol. To find it was effected by this pistol the court had to use evidence that the defendant shot the deceased. We believe the court thus used the same evidence to find a part of the aggravating factor as was used to prove an element of the offense. The court is proscribed from doing this.

The aggravating factor that the defendant had a prior conviction for a criminal offense punishable by more than 60 days confinement was supported by the evidence. The defendant argues at length that the court imposed too lengthy a sentence in light of finding certain mitigating factors and the defendant's showing as to his good character. These are matters he may argue at the next sentencing hearing.

For the reasons stated in this opinion we reverse and remand for a new sentencing hearing.

Reversed and remanded.

Judge HEDRICK concurs.

Judge HILL dissenting.

In my opinion, the trial judge properly considered as an aggravating factor in sentencing, the crime of stealing the pistol used to commit the offense of manslaughter. Had the defendant previously been convicted for the larceny, the court could have considered the prior crime as one punishable by more than 60 days confinement. Since the evidence is uncontradicted, I believe the trial judge was correct in using it as an aggravating factor. I vote no error.